# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCO DILLON,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-190

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marco Dillon was convicted for conspiracy to distribute, and to possess with the intent to distribute, 28 grams or more, but less than 280 grams, of cocaine base (crack), pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. In challenging the conviction, Dillon claims the district court erred by admitting certain evidence as intrinsic to the charged conspiracy. (Dillon also claims the evidence is not admissible under Federal Rule of Evidence 404(b), concerning

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-31158

extrinsic evidence.  Because, as discussed below, the evidence was intrinsic, we need not reach this second issue.)

Evidentiary rulings are reviewed for an abuse of discretion.  *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (citation omitted).  During the time period of the charged conspiracy, Dillon sold crack cocaine to the same confidential informant who had previously purchased crack cocaine from two of Dillon's co-conspirators.  Dillon was also arrested for possession of a scale containing cocaine residue.  The district court did not abuse its discretion by admitting the evidence as intrinsic because the contested evidence was relevant to establish the relationship between the co-conspirators and how the conspiracy was structured and operated.  *E.g., United States v. Wood*, 58 F.3d 637, 1995 WL 371100 at *5 (5th Cir. 1995) (unpublished but precedential pursuant to 5th Cir. R. 47.5.3); *see also United States v. Watkins*, 591 F.3d 780, 784–85 (5th Cir. 2009).

AFFIRMED.